# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FRESNO COUNTY SHERIFF,<br><br>　　　　Respondent. | Case No.: 1:14-cv-00130-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDERING DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on January 29, 2014. Petitioner alleges that he is in custody of the Fresno County Jail for failing to appear in court on time. (Doc. 1, p. 1). Petitioner does not challenge either a conviction or sentence; indeed, Petitioner concedes that his case has not yet been prosecuted. (Id.). Instead, Petitioner alleges that he is presently in custody and being denied adequate medical care for injuries he has sustained, he is being harassed by inmates and staff, and he has been denied access to a grievance form to file with the jail. (Id.; pp. 1; 2; 8).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing

1

2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution… " 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner alleges that he is in custody of the Fresno County Jail for failing to appear in court on time. Petitioner further alleges that he has been beaten in jail for previous lawsuits he has filed against Fresno County; that he has been placed in proximity to inmates who have either threatened him or assaulted him; that he has been denied access to an "emergency button"; and that he is intending to file a civil damages suit but has filed this habeas petition to seek injunctive relief to be placed in "protective custody." (Doc. 1, pp. 2-5). As relief, Petitioner requests the following: an injunction against the Fresno County Sheriff's Office to prevent the destruction of a video that contains evidence favoring Petitioner; an emergency hearing on Petitioner's claims; and damages in the amount of $750,000 in property damages and $1 million for "pain and suffering." (Doc. 1, pp. 8-9).

Petitioner is clearly challenging the conditions of his confinement, not the fact or duration of

that confinement. Indeed, Petitioner himself concedes there has, as yet, been no trial, no conviction, and no sentence. Hence, there is nothing on which to base a federal habeas petition. The only relief a federal habeas court can provide a state inmate is reversal of an unconstitutionally obtained conviction or a reduction in an unconstitutional sentence. No relief requested by Petitioner in his petition would affect the fact or duration of Petitioner's sentence, since he has yet to be convicted and sentenced, and, in any event, this habeas Court has no authority to afford the relief Petitioner is presently requesting. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be summarily dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED for Petitioner's failure to state any cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 7, 2014**            **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE