UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON, <br><br> Petitioner, <br><br> v. <br><br> FRESNO COUNTY SHERIFF, <br><br> Respondent. | Case No.: 1:14-cv-00130-AWI-JLT <br><br> ORDER DENYING PETITIONER'S CONSTRUED MOTION TO AMEND <br><br> (Doc. 6) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### PROCEDURAL HISTORY

The instant petition was filed on January 29, 2014. (Doc. 1). Petitioner alleges that he is in custody of the Fresno County Jail for failing to appear in court on time. (Doc. 1, p. 1). Petitioner does not challenge either a conviction or sentence; indeed, Petitioner concedes that his case has not yet been prosecuted. (Id.). Instead, Petitioner alleges that he is presently in custody and being denied adequate medical care for injuries he has sustained, he is being harassed by inmates and staff, and he has been denied access to a grievance form to file with the jail. (Id.; pp. 1; 2; 8).

On February 10, 2014, after conducting a preliminary screening of the petition, the Court issued Findings and Recommendations to dismiss the petition for failure to state a cognizable federal habeas claim. (Doc. 4). In the Findings and Recommendations, which are presently pending before

1

1  the U.S. District Judge, the Court concluded that Petitioner was challenging the conditions of his
2  confinement, not the fact or duration of that confinement, and therefore the appropriate action would
3  be to file a civil rights complaint pursuant to 42 U.S.C. § 1983. (Id.). The Findings and
4  Recommendations gave Petitioner 21 days within which to file objections. To date, Petitioner has not
5  filed objections.

6  However, on February 28, 2014, Petitioner filed a separate federal petition which was docketed
7  as case no. 1:14-cv-00282-SKO. In that petition, Petitioner alleges that the Fresno County jail has
8  denied him appropriate medical care. Because, as will be discussed below, the Court must treat a
9  subsequent petition filed during the pendency of the earlier petition as a motion to amend the earlier
10 petition, the Court, on March 6, 2014, construed the petition in case no. 1:14-cv-00282-SKO to be a
11 motion to amend the petition in this case, and directed the Clerk of the Court to file the later petition as
12 a motion to amend in this case. (Doc. 5). Accordingly, on the petition in case no. 1:14-cv-00282-
13 SKO has been filed in this case as a motion to amend the instant petition with the claim contained in
14 the later petition. (Doc. 6).

**DISCUSSION**

16 In Woods v. Carey, 525 F.3d 886 (9th Cir. 2008), the Ninth Circuit held that, under certain
17 circumstances, if a pro se petitioner files a habeas petition during the pendency of a previous petition,
18 the district court should construe the second petition as a motion to amend the previous petition.
19 Woods, 525 F.3d at 889-890. Hence, Woods appears to require a district court to construe a "second
20 or successive" petition filed while an earlier petition is still pending in the district court as a motion to
21 amend the earlier petition.

22 Because, as discussed, the instant petition was still pending at the time he filed his petition in
23 case no. 1:14-cv-00282-SKO, the Court was required to construe the latter petition as a motion to
24 amend the instant petition. The Clerk of the Court docketed the petition as a motion to amend on
25 March 6, 2014. (Doc. 6). Thus, the Court will now consider whether to allow the amendment.

26 A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and
27 without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a),
28 as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing

2

Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a).

Here, although Respondent has not filed a response, the Findings and Recommendations have already been referred to the District Judge for a final ruling. Moreover, Woods provides that the district court should construe the later petition as a *motion* to amend the earlier petition, thus implying that the district court should employ the four-pronged test used to determine whether an amendment is appropriate when an amendment cannot be obtained as a matter of right under Rule 15(a). See Bonin v. Calderon, 59 F.3d 815 (9th Cir.1995) (applying Rule 15(a) in a habeas case). In Bonin, the Ninth Circuit set forth four considerations in determining whether to allow an amendment: "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Id. at 844-845.

Here, the Court determines that any amendment seeking to allege improper medical care would be futile. In Bonin, the Ninth Circuit held that futility of amendment can, by itself, justify the denial of a motion for leave to amend. Bonin, 59 F.3d at 845; see also Lopez v. Smith, 203 F.3d 1122, 1129-1130 (9th Cir. 2000) (*en banc*) (confirming district court's authority to dismiss without leave to amend where amendment would be futile).

The proffered amended claim alleges improper medical care by the Fresno County jail staff. However, as the Court indicated in the Findings and Recommendations, a habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973). However, "[h]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Because the proffered amended claim challenges a prison condition that will not necessarily shorter Petitioner's sentence, it is not a cognizable habeas claim. Hence, amending the original petition to include such a claim would be futile. If Petitioner wishes to pursue a claim based on denial

1 | of adequate medical care, he should bring that claim as a civil rights claim pursuant to 42 U.S.C. §
2 | 1983.

### **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's motion to amend the petition (Doc. 6), is DENIED.

IT IS SO ORDERED.

Dated:   **March 12, 2014**              /s/ Jennifer L. Thurston
                                     UNITED STATES MAGISTRATE JUDGE